UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KYLE LEE PAYMENT,

                Plaintiff,

  v.

RON FRAKER, DARREN HEAWARD,
BRIAN PEDERSON, and ROY
CORTEZ,

                Defendants.

No. 13-5547BHS

**REPORT AND RECOMMENDATION**
**Noted for:  April 18, 2014**

Presently before the Court is the motion of Defendants Ron Fraker, Darren Heward, Brian Pederson, and Roy Cortez to dismiss Plaintiff Kyle Payment's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 17.  Defendants contend that Plaintiff has failed to state a claim upon which relief may be granted, and that they are entitled to qualified immunity from suit.  Dkt. 17. Defendants withdrew their third argument regarding exhaustion of administrative remedies.  Dkt. 23.  Having carefully considered the motion, Plaintiff's response (Dkt. 21), and balance of the

REPORT AND RECOMMENDATION - 1

record, the Court recommends granting Defendants' motion in part and denying Defendants' motion in part.

## BACKGROUND

A.     Plaintiff allegations.

Plaintiff states that his First, Fifth, Eighth and Fourteenth Amendment rights have been violated by Defendants conduct and their policies that allow for improper infractions and disciplinary hearings. Plaintiff claims the infractions are retaliatory and the disciplinary hearings violate due process. Dkt. 5, p. 11of 19. Plaintiff states that on February 9, 2011 Defendant Pederson issued him serious infractions for threatening and intimidating and that attached to the report was a written statement issued by Defendant Cortez. *Id*. Plaintiff states that the infractions and the report were filed in retaliation for plaintiff filing grievances about both officers' "misconduct and harassment." *Id*. Plaintiff also claims that it was cruel and unusual punishment when Defendant Heaward imposed sanctions that included isolation time because Plaintiff suffers from "serious mental illness" and placement in isolation "exacerbates" mental illness. Dkt. 5, p. 7 of 19. Plaintiff contends that the procedures for disciplinary hearings instituted by Defendants Fraker and Heaward deny him due process because the time and place of the hearing is not given, hearings are held *in absentia*, actual witnesses are never allowed and written statements are rarely obtained. Dkt. 5, pp. 9-10 of 19. Plaintiff also contends that state law required that Defendant Heaward consider plaintiff's mental health before imposing isolation as a sanction. Dkt. 5, p. 13 of 19.

Plaintiff received notice of the infraction on February 15, 2014 and claims that he requested a witness, inmate Steven Eliason. Dkt. 5, p. 12 of 19. Plaintiff states that Defendant Heaward held the hearing on February 24, 2011, without Plaintiff being present, and that

REPORT AND RECOMMENDATION - 2

Defendant Heaward concluded that to allow witnesses would be unduly hazardous because plaintiff was housed in the Intensive Management Unit. *Id*. Plaintiff claims that written statements were not obtained in place of live witnesses and that he was found guilty and sanctioned to ninety-day loss of earned time and ten-days of isolation. Plaintiff alleges that Defendant Heaward failed to consider plaintiff's mental state in sanctioning him to isolation and that WAC 137-28-360 requires Defendant to take Plaintiff's mental condition into account. Dkt. 5, p. 13 of 19. Plaintiff states that Defendant Fraker upheld the disciplinary hearing on appeal without ever reading Plaintiff's appeal. *Id*.

Plaintiff filed a Personal Restraint Petition and that the Attorney General's Office agreed to expunge the infractions and restore Plaintiff's earned early release time. Dkt. 5, p. 14 of 19. Defendants admit that the earned early release time was restored and the infraction expunged. Dkt. 17, p. 2.

B.   Defendants contentions.

Defendants note that plaintiff has not set forth any facts supporting his Fifth Amendment claim. Dkt. 17, p. 6, n 1.

Defendants contend that Mr. Payment did not suffer any retaliation because the infraction was expunged and he has not suffered any adverse action. Defendants state:

> When a prisoner alleges a First Amendment claim of retaliation under § 1983, he must prove five elements: (1) that he was subjected to adverse action; (2) the adverse action was imposed because of certain conduct; (3) the conduct that gave rise to the adverse action is legally protected; (4) the adverse action chilled the prisoner's speech; and (5) the adverse action did not advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). In addition, Plaintiff must show that the retaliation was the substantial or motivating factor behind the conduct of the prison official. *Mt. Health City Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-87 (1977*); Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Plaintiff must also show his First Amendment rights were actually chilled by the retaliatory action. *Rhodes*, 408 F.3d 568.

REPORT AND RECOMMENDATION - 3

Dkt. 17, p. 8.  Defendants also argue that Plaintiff fails to show that Defendants conduct chilled Plaintiff's First amendment rights.  Dkt. 17, p. 9.

Defendants contend that sanctioning Plaintiff to isolation is not an Eighth Amendment violation because isolation time in and of itself does not amount to cruel and unusual punishment and the duration of the isolation was short.  Dkt. 17, pp. 9-10.  Defendants then address Plaintiff's claim that he was mentally ill by stating that the constitution does not preclude a hearing officer from imposing isolation time as a sanction for a mentally ill person.  Dkt. 17, p. 11.

Defendants state that Plaintiff fails to state a claim regarding his Fourteenth Amendment claim because the infraction findings were reversed, the infractions expunged, and the earned time restored.  Dkt. 17, p. 11.  They also argue that the claim fails because Plaintiff has no liberty interest in avoiding a security classification; Defendants imply that isolation is a classification.  Dkt. 17, pp. 11-12.  Defendants final contention is that the suit fails because the Defendants are entitled to qualified immunity from damages.  Dkt. 17, pp. 12-14.

**STANDARD OF REVIEW**

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint.  *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001).  The withdrawal of the argument regarding failure to exhaust administrative remedies means that the documents submitted as exhibits by the parties will not be considered by the Court and the Court will address only the sufficiency of the complaint.  *See Wyatt v. Terhune,* 315 F.3d 1108, 1119-1120 (9th Cir. 2003)(allowing the Court to consider materials outside the pleadings when ruling on a motion to dismiss for failure to exhaust administrative remedies).

REPORT AND RECOMMENDATION - 4

All material factual allegations contained in the complaint are taken as admitted and the complaint is liberally construed in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688.  A complaint should not be dismissed under Fed. R. Civ. P. 12(b) (6), unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).  Although pro se pleadings should be construed liberally, the Court may not supply essential elements of the claim that were not pled. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

In order to survive a motion to dismiss, a complaint must also contain sufficient facts that if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  "[N]aked assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Id.*, quoting *Twombly*, 550 U.S. at 557.  Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*, quoting *Twombly*, 550 U.S. at 570.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429

REPORT AND RECOMMENDATION - 5

U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That Plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself, necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

### A. Fifth Amendment Claim.

Defendants' argument to dismiss the Fifth Amendment claim is found in Dkt. 17, p. 6 n 1, where Defendants state:

> Plaintiff also alleges that Defendants violated his Fifth Amendment rights. ECF No. 5 at 7. However, Plaintiff does not allege with any specificity how Defendants' actions related to a Fifth Amendment claim. Thus, Plaintiff's Fifth Amendment claim must fail.

Dkt. 17, p. 6. Review of the complaint shows that the Plaintiff's complaint is devoid of any facts that he relates to a Fifth Amendment violation and Plaintiff's cursory citation to the Fifth Amendment on page 7 of his complaint is the only time this amendment is mentioned. Dkt. 5, p. 7. "[N]aked  assertion[s]" of illegal conduct devoid of "further factual enhancement" do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678. Instead, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* Plaintiff has failed to pled facts to support a Fifth Amendment claim and the Court may not supply essential elements of the claim that were not pled. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992). Further, the Fifth Amendment applies to the states through the Fourteenth Amendment and any procedural due process issue

REPORT AND RECOMMENDATION - 6

that Plaintiff was trying to raise in this action survives dismissal of his Fifth Amendment claim. Accordingly, the undersigned recommends granting Defendants' motion to dismiss the Fifth Amendment claim.

B.      First Amendment, retaliation.

To succeed on a retaliation claim in the prison context, plaintiff must prove: (1) a defendant took some adverse action against the inmate, (2) because of (3) the inmate's protected conduct and that this action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's proof of retaliation does not need to be in the complaint itself.  A complaint is sufficient if it contains a short plain statement of the grounds for relief and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Fed. R. Civ. P. 8(a) *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Here, Plaintiff alleges that Defendants Pederson and Cortez infracted him and issued a report supporting the infraction because of prison grievances that Plaintiff had filed concerning Defendants' conduct.  Dkt. 5, p. 11 of 19. As a result of the infraction Plaintiff alleges that Defendant Heaward sanction him to ten days of isolation, and ninety-days lost earned time credits.  Dkt. 5, p. 12 of 19.  Thus, Defendants' conduct deprived Plaintiff of an earlier release date and lengthened his sentence.  Defendants' action forced Plaintiff to file a Personal Restraint Petition in state court to obtain restoration of his lost earned time.  Dkt. 5, p. 14 of 19.  Plaintiff alleges he also suffered time in an isolation environment that entailed loss of out of cell recreation, loss of some showers, and loss of reading material.  Dkt. 5, pp 14-15 of 19.

REPORT AND RECOMMENDATION - 7

Defendants argument that plaintiff has suffered no adverse action because his lost earned time was restored is without merit. Plaintiff could not file this action for damages against defendants until his earned time was restored because he was initially seeking relief he could only obtain through habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The adverse actions in this case include the filing of the infractions, the taking of the earned time, and placement in isolation with its attendant loss in privileges.

Defendants also argue for dismissal because plaintiff fails to show that his First Amendment rights where actually chilled. Dkt. 17, p. 9. Defendants' argument is without merit. *See Rhodes v. Robinson,* 408 F.2d 559, 568 (9th Cir. 2005) (the proper inquiry is whether an official's action would chill or silence a person of ordinary firmness from future First Amendment Activities). Here, plaintiff alleges that Defendants actions were taken in an attempt to "chill" his First Amendment Rights. Dkt. 5, p. 8. The actions involve issuing false infractions where plaintiff faced the potential loss of earned time. Assuming the Plaintiff's allegations are true the compliant states a viable cause of action. The undersigned recommends denial of Defendant's motion to dismiss Plaintiff's First Amendment claim.

C.  **Eighth Amendment.**

Plaintiff appears to raise two issues regarding his placement in isolation. He alleges the placement violated the Eighth Amendment because of his mental condition and he also argues a violation of due process because state law allegedly required Defendant Heaward to consider his mental condition. Dkt. 5. The Court addresses the Eighth Amendment issue first. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). To succeed on a deliberate indifference claim, an inmate must demonstrate that the prison official had a sufficiently culpable state of mind.

REPORT AND RECOMMENDATION - 8

*Farmer v. Brennan*, 511 U.S. 825, 836 (1994).  A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).

First, the alleged deprivation must be, objectively, "sufficiently serious."  *Farmer*, 511 U.S. at 834.  A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency.  *Helling v. McKinney*, 509 U.S. 25, 32-35 (1993); *McGuckin*, 974 F.2d at 1059.  Second, the prison official must be deliberately indifferent to the risk of harm to the inmate.  *Farmer*, 511 U.S. at 834.

An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety."  *Id*. at 837.  Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health.  *Id*. at 835.  In assessing whether the official acted with deliberate indifference, a court's inquiry must focus on what the prison official actually perceived, not what the official should have known.  *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).  In other words an official must (1) be actually aware of facts from which an inference could be drawn that a substantial risk of harm exists, (2) actually draw the inference, but (3) nevertheless disregard the risk to the inmate's health.  *Farmer*, 511 U.S. at 837-8.

Plaintiff alleges that he is seriously mentally ill.  Dkt. 5, p. 13 of 19.  He states that Defendant Heaward sanctioned him to isolation without taking into consideration his mental illness and the effect isolation has on mentally ill persons.  *Id*.  Failure to consider a prisoner's mental health when considering sanctions can violate the Eighth Amendment's prohibition on

REPORT AND RECOMMENDATION - 9

cruel and unusual punishment. *See, Coleman v. Wilson* 912 F. Supp 1282, 1320 (E.D. Cal. 1995)(disapproving punitive measures for mentally ill inmates who act out).

Assuming Plaintiff's allegations are true, he has stated a plausible cause of action. He has alleged that he is seriously mentally ill and that isolation exacerbates mental illness. Further he alleges that Defendant Heaward failed to consider his mental condition. What Defendant Heaward knew about Plaintiff's mental condition, and Defendant Heaward's state of mind are at issue. The undersigned recommends denial of Defendants' motion to dismiss this claim.

D.   Fourteenth Amendment Due process.

While inmates do not have a liberty interest in amassing earned time or good conduct time they do have a liberty interest in earned time or good time that has been applied against their sentence. *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges that may involve loss of earned time, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See Wolff v. McDonnell,* 418 U.S. 539, 563-70 (1974); *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 454 (1985); *Serrano v. Francis,* 345 F.3d 1071, 1077-78 (9th Cir. 2003)*; Neal v. Shimoda,* 131 F.3d 818, 830-31 (9th Cir. 1997).

1.   State law claim.

Plaintiff alleges that WAC 137-28-160 required Defendant Heaward to consider plaintiff's mental condition. Defendants place the wording of WAC 137-28-360 before the

REPORT AND RECOMMENDATION - 10

Court in their reply. Dkt. 23, p. 4. The Court may take judicial notice of the wording of the Washington Administrative Code without converting a motion to dismiss to a motion for summary judgment. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir.1988). The WAC states:

> In determining an appropriate sanction, the hearing officer should consider the inmate's mental health and his/her intellectual, emotional, and maturity levels and what effect a particular sanction might have on the inmate in light of such factors. The hearing officer may request the assistance of other department staff, including mental health staff, in determining appropriate sanctions.

Contrary to plaintiff's contentions, the WAC does not mandate that the officer consider the inmate's mental health, it simply recommends it. Nor does the WAC prevent the imposition of isolation as a sanction against a mentally ill person. Plaintiff does not show a state created liberty interest in having the Hearings Officer consider his mental health. Further, post 1995 courts do not normally search the wording of rules or state laws to find mandatory or permissive language. Instead the relevant inquiry is whether the deprivation imposed is an atypical or significant hardship in relation to the normal incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Defendants argue that 10 days isolation is the type of confinement an inmate should reasonably expect at some point in their incarceration. Dkt. 23, p. 3. The Court agrees that a short term isolation placement of this nature does not require greater due process then a normal disciplinary hearing. The procedural due process portion of plaintiff's placement in isolation fails as a matter of law. The undersigned recommends granting Defendants motion to dismiss this portion of plaintiff's Fourteenth Amendment due process claim.

2.  The Disciplinary hearing.

Plaintiff alleges that the charging document was deficient because it did not state the time and place for the hearing; that he was not allowed to attend the hearing; that he was not allowed

REPORT AND RECOMMENDATION - 11

to present either witnesses or written statements from his witness Steve Eliason; and that the sanction was imposed without the hearings officer considering his mental condition as required by state law. Dkt. 5. Defendants argue that Plaintiff fails to state a claim because the taken earned time was restored and the infractions were expunged. Dkt. 17, p. 11-12. Defendants' argument does not challenge the sufficiency of any of plaintiff's allegations.

Under Defendants' theory, no inmate would ever be able to present a civil rights claim that was based on a violation of due process at a disciplinary hearing if earned time was taken as a sanction. Initially the inmate could not bring the claim because it involves a loss of earned time and the claim would be *inchoate* until the infraction is expunged and the earned time restored through habeas corpus proceedings. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under Defendants theory the Plaintiff would be barred from bringing the action after the earned time was restored because the claim would be moot. Defendants' position is without merit. Plaintiff's cause of action for damages accrued when his earned time was restored. *Heck,* 512 U.S. at 489-90. Plaintiff has stated a cause of action for damages for alleged violations of his due process rights that occurred at the February 24, 2011 disciplinary hearing.

The Court only considers the sufficiency of the complaint at the 12(b)(6) stage. Assuming Plaintiff's allegations are true he has stated a viable claim. Accordingly the undersigned recommends denying Defendants' motion to dismiss this claim.

**E.   Qualified Immunity**

Defendants assert in their motion to dismiss that all of Plaintiff's claims are barred by the doctrine of qualified immunity. "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (quoting *Mitchell v. Forsyth*, 472 U.S. 511 (1985)).   The Court evaluates a defendant's qualified immunity defense

REPORT AND RECOMMENDATION - 12

using a two-step inquiry. *Id*. However, the Supreme Court recently held that this two-step inquiry is no longer an inflexible requirement. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (explaining "that, while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory"). It is within our "sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id*.

Under *Saucier's* first prong, the court must determine whether, viewing the facts in the light most favorable to the plaintiff, the government employees violated the plaintiff's constitutional rights. *Saucier*, 533 U.S. at 201. If the court determines that a constitutional violation has occurred, it must then determine whether the rights were clearly established at the time of the violation. *Id.*

This Court has already determined that Plaintiff states a viable claim for violations of his First, Eighth, and Fourteenth Amendment rights. Defendants' motion does not address what was clearly established law at the time of Defendants' actions and instead they argue that there has been no constitutional violation.' Dkt. 17, p. 14. However, Defendants also note that plaintiff has the burden of proving that a specific right was clearly established once the defense of qualified immunity has been asserted. Dkt. 17, p. 13. *citing Davis v. Scherer*, 468 U.S. 183 (9184).

Plaintiff's response shows that it is clearly established in the Ninth Circuit that the First Amendment prohibits retaliatory punishment. Dkt. 21, p. 15. *Pratt v Roland*, 65 F.3d 802, 806 (9th Cir. 1995). Thus, at this stage of the proceedings defendants are not entitled to qualified immunity on Plaintiff's First Amendment retaliation claim.

REPORT AND RECOMMENDATION - 13

Plaintiff also shows that his has at least a limited right to present witnesses at a disciplinary hearing and that right has been clearly established since 1974. Dkt. 21, p. 15. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Further, it is Defendants burden to show a justification for refusing to call a witness. *Ponte v. Real*, 471 U.S. 491, 497 (1985).

Defendants argue that the test for determining if they are entitled to qualified immunity is an objective test. Dkt. 17, p. 14. Defendants' statement of law is normally true, however, when the Defendants' intent is an element of the underlying constitutional violation Plaintiff must be given the opportunity to make a showing regarding Defendants' state of mind. *Tribble v. Gardner*, 860 F.2d 321, 327 (9th Cir. 1988). If the infractions and report issued by Brian Pederson, and Roy Cortez were issued for the purpose of chilling Plaintiff's First Amendment Rights then these Defendants would not be entitled to qualified immunity and if Defendant Heaward knew that sanctioning Plaintiff to isolation would exacerbate Plaintiff's mental illness then the Defendant may not be entitled to qualified immunity. As Defendants note qualified immunity does not protect those who knowingly violate the law. Dkt. 17, p.12. The undersigned recommends denying the Defendants motion to dismiss based on qualified immunity.

## CONCLUSION

For the reasons stated above, the undersigned concludes that Defendants' motion should be granted in part and denied in part. Plaintiff's Fifth Amendment Claim and his claim based on the wording of WAC 137-28-360 should be dismissed. The undersigned recommends denying the remainder of Defendants' motion to dismiss.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections

REPORT AND RECOMMENDATION - 14

will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 18, 2014**, as noted in the caption.

**DATED** this 1 day of April, 2014.

                                                       Karen L. Strombom
                                                       United States Magistrate Judge

REPORT AND RECOMMENDATION - 15